## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 15 |
| XENTEL, INC., | Case No. 13-10888 (KG) |
| Debtor in a Foreign Proceeding. | |
| Tax I.D. No. 65-0896267 | |

| | |
|---|---|
| In re: | Chapter 15 |
| WELLESLEY CORPORATION, | Case No. 13-10889 (KG) |
| Debtor in a Foreign Proceeding. | |
| Tax I.D. No. 27-3412629 | |

| | |
|---|---|
| In re: | Chapter 15 |
| GWE CONSULTING GROUP (USA) INC., | Case No. 13-10890 (KG) |
| Debtor in a Foreign Proceeding. | |
| Tax I.D. No. 98-0104092 | |

| | |
|---|---|
| In re: | Chapter 15 |
| US BILLING, INC., | Case No. 13-10891 (KG) |
| Debtor in a Foreign Proceeding. | |
| Tax I.D. No. 20-0247752 | |

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 15 |
| | ) | |
| AMERICAN GRAPHIC & DESIGN, INC., | ) | Case No. 13-10893 (KG) |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | |
| | ) | |
| Tax I.D. No. 39-1797772 | ) | |
| | ) | |

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 15 |
| | ) | |
| COURTESY HEALTH WATCH INC., | ) | Case No. 13-10894 (KG) |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | |
| | ) | |
| Tax I.D. No. 98-0521403 | ) | |
| | ) | |
| | ) | |
| In re: | ) | Chapter 15 |
| | ) | |
| TARGET OUTREACH INC., | ) | Case No. 13-10895 (KG) |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | |
| | ) | |
| Tax I.D. No. 27-2859046 | ) | |
| | ) | |

## FOREIGN REPRESENTATIVE'S MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 15 CASES

iMarketing Solutions Group Inc., in its capacity as the authorized foreign representative, (the "Foreign Representative") for the above-captioned debtors (collectively, the "Debtors"), in a proceeding commenced under Canada's *Companies'Creditors Arrangement Act,* R.S.C. 1985, c. C-36, as amended (the "CCAA"), and pending before the Ontario Superior Court of Justice (the "Canadian Court"),[1] respectfully represents:

---

[1]  A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this motion and the Debtors' chapter 15 cases, are set forth in greater detail in the Declaration of Andrew Langhorne, in Support of First Day Pleadings (the "Langhorne Declaration"), filed contemporaneously with the
(Continued...)

**Jurisdiction**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**Relief Requested**

4.      By this motion, the Foreign Representative requests entry of an order, substantially in the form attached hereto as **Exhibit A**, directing joint administration of each Debtor's respective chapter 15 cases for procedural purposes only.  Specifically, the Foreign Representative requests that the Court maintain one file and one docket for each of the Debtor's chapter 15 cases under the case of Xentel Inc., and that the chapter 15 cases be administered under the following caption:

---

Debtors' voluntary petitions for relief filed under chapter 15 of title 11 of the United States Code (the "Bankruptcy Code"), on April 12, 2013 (the "Petition Date").

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 15 |
|  | ) |  |
| XENTEL INC., *et al.*,[1] | ) | Case No. 13-10888 (KG) |
|  | ) |  |
| Debtors in a Foreign Proceeding. | ) | Jointly Administered |
|  | ) |  |

5.    The Foreign Representative also requests that an entry be made on the docket of each of the Debtors' chapter 15 cases, other than the case of Xentel Inc., to reflect the joint administration of the chapter 15 cases, substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 15 cases of the following entities: Xentel Inc.; Wellesley Corporation Inc.; GWE Consulting Group (USA) Inc.; US Billing Inc.; American Graphics & Design Inc.; Courtesy Health Watch Inc.; and Target Outreach Inc. All further pleadings and other papers shall be filed in, and all other further docket entries shall be made in, Case No. 13-10888 (KG).

6.    The Foreign Representative also requests that if any of the chapter 15 cases are initially assigned to different judges, each of the chapter 15 cases be transferred to the judge to whom the lowest case number was assigned.

### Basis for Relief

7.    As set forth in the Langhorne Declaration: (a) Xentel Inc. is the direct or indirect

---

[1]    The Debtors in these chapter 15 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Xentel Inc. (6267); Wellesley Corporation Inc. (4092); GWE Consulting Group (USA) Inc. (2629); US Billing Inc. (7752); American Graphics & Design Inc. (7772); Courtesy Health Watch Inc. (1403); and Target Outreach Inc. (9046). The Debtors' main corporate address is 481 University Ave., Toronto, Canada M5G 2E9.

parent of US Billing Inc. and American Graphics & Design Inc.; (b) Wellesley Corporation Inc. is the direct or indirect parent of Courtesy Health Watch Inc. and Target Outreach Inc.; and (c) GWE Consulting Group (USA) Inc. is the direct parent and holding company of Xentel Inc. and Wellesley Corporation Inc. As a result, each of the (7) seven Debtors are "affiliates" of Xentel Inc. as such term is defined in the Bankruptcy Code. Additionally, because of the Debtors' interrelated businesses, each of the motions filed in the chapter 15 cases will implicate many, if not all, of the Debtors.

## **Supporting Authority**

8.      Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Section 101(2) of the Bankruptcy Code defines "affiliate" to include an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor." 11 U.S.C. § 101(2)(A).

9.      In addition, Local Rule 1015-1 provides that the Court may order joint administration of chapter 11 cases to ease the administrative burden on the Court and the parties involved:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not constitute a "substantive" consolidation of the respective debtors' estates.

2

Del. Bankr. L.R. 1015-1.[1]

10.    As disclosed in the Langhorne Declaration, the Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Specifically, (a) Xentel Inc. directly or indirectly owns 100 percent of the outstanding voting securities of each of US Billing Inc. and American Graphics & Design Inc., (b) Wellesley Corporation Inc. directly or indirectly owns 100 percent of the outstanding voting securities of each of Courtesy Health Watch Inc. and Target Outreach Inc., and (c) GWE Consulting Group (USA) Inc. owns 100 percent of the outstanding voting securities of each of Xentel Inc. and Wellesley Corporation Inc. The Debtors also share significant debt obligations that they seek to restructure as part of these chapter 15 cases. Accordingly, the Bankruptcy Code, the Bankruptcy Rules and the Local Rules authorize the Court to grant the relief requested herein.

11.    Moreover, joint administration of the chapter 15 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Each Debtor will be affected by most, if not all, of the motions, hearings and orders in these chapter 15 cases. Thus, entry of an order directing joint administration of the chapter 15 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration will also allow the Office of the United States Trustee for the District of Delaware and all parties in interest to monitor the chapter 15 cases with greater ease and efficiency.

12.    The joint administration of these chapter 15 cases will not give rise to any conflict of interest among the Debtors' estates, nor will joint administration adversely affect the Debtors'

---

[1]    Section 105(a) of the Bankruptcy Code, which states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]" provides the Court with further power to grant the Debtors' requested relief. 11 U.S.C. §105(a).

3

respective constituencies because this motion requests (consistent with Local Rule 1015-1) only administrative, not substantive, consolidation of the Debtors' cases. Parties in interest will not be harmed by the relief requested but, instead, will benefit from the cost reductions associated with the joint administration of the chapter 15 cases. Accordingly, the Foreign Representative submits that the joint administration of the chapter 15 cases is in the best interests of the Debtors' estates, their creditors and all other parties in interest.

13.    Courts in this jurisdiction have approved relief similar to the relief requested in this motion. *See, e.g., In re Cinram International Inc.,* Case No. 12-11882 (KJC) (Bankr. D. Del. June 26, 2012) (directing joint administration of chapter 15 cases); *In re Arctic Glacier Int'l Inc.,* Case No. 12-10605 (Bankr. D. Del. February 23, 2012) (same); *In re Catalyst Paper Corp.,* Case No. 12-10221 (PJW) (Bankr. D. Del. January 19, 2012) (same); *In re Angiotech Pharm., Inc.,* Case No. 11-10269 (KG) (Bankr. D. Del. January 31, 2011) (same); *In re Grant Forest Prod. Inc.,* Case No. 10-11132 (PJW) (Bankr. D. Del. April 6, 2010) (same); *In re Fraser Papers Inc.,* Case No. 09-12123 (KJC) (Bankr. D. Del. June 19, 2009) (same); *In re W.C. Wood Corp., Ltd.,* Case No. 09-11893 (KG) (Bankr. D. Del. June 1, 2009) (same); *In re MAAX Corp.,* No. 08-11443 (CSS) (Bankr. D. Del. July 15, 2008) (same); and *In re Destinator Techs. Inc.,* No. 08-11003 (CSS) (Bankr. D. Del. May 20, 2008) (same).[2]

### Notice

14.    The Foreign Representative has provided notice of this motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors' prepetition secured lender and debtor in possession lender; and (c) the Office of the United States Trustee.

---

[2]    Because of the voluminous nature of the orders cited herein, such orders are not attached to this motion. Copies of these orders are available upon request to the Debtors' counsel.

4

In light of the nature of the relief requested in this motion, the Debtors respectfully submit that no further notice is necessary.

## No Prior Request

15.     No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein and in the Langhorne Declaration, the Foreign Representative respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (a) directing joint administration of the Debtors' chapter 15 cases for procedural purposes only and (b) granting such other and further relief as may be appropriate.

Dated:  April 12, 2013          */s/ Domenic E. Pacitti*
Wilmington, Delaware          Domenic E. Pacitti (DE Bar No. 3989)
                              Michael W. Yurkewicz (DE Bar No. 4165)
                              Margaret M. Manning (DE Bar No. 4183)
                              **KLEHR HARRISON HARVEY**
                              **BRANZBURG LLP**
                              919 N. Market Street, Suite 1000
                              Wilmington, Delaware 19801
                              Telephone:    (302) 426-1189
                              Facsimile:    (302) 426-9193

                              *Counsel to the Foreign Representative*

5