## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 15 |
| XENTEL INC., *et al.*,[1] | Case No. 13-10888 (KG) |
| Debtors in a Foreign Proceeding. | Joint Administration Pending |

### FOREIGN REPRESENTATIVE'S MOTION FOR AN ORDER AUTHORIZING THE FILING OF A CONSOLIDATED LIST OF FOREIGN PROCEEDING ADMINISTRATORS, LITIGATION PARTIES, AND ENTITIES AGAINST WHOM PROVISIONAL RELIEF IS SOUGHT

iMarketing Solutions Group Inc., in its capacity as the authorized foreign representative, (the "Foreign Representative") for the above-captioned debtors (collectively, the "Debtors"), in a proceeding commenced under Canada's *Companies'Creditors Arrangement Act,* R.S.C. 1985, c. C-36, as amended (the "CCAA"), and pending before the Ontario Superior Court of Justice (the "Canadian Court"), files this motion (this "Motion") for entry of an order, pursuant to section 105(a) of title 11 of the United States Code, as amended from time to time (the "Bankruptcy Code") and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Foreign Representative to file a consolidated list of foreign proceeding administrators, parties to litigation pending in the United States involving any of the Debtors, and all persons and entities against whom the Debtors seek provisional relief pursuant to section 1519 of the Bankruptcy Code in substantially the

---

[1] The Debtors in these chapter 15 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Xentel Inc. (6267); Wellesley Corporation Inc. (4092); GWE Consulting Group (USA) Inc. (2629); US Billing Inc. (7752); American Graphics & Design Inc. (7772); Courtesy Health Watch Inc. (1403); and Target Outreach Inc. (9046). The Debtors' main corporate address is 481 University Ave., Toronto, Canada M5G 2E9.

form attached hereto as <u>Exhibit 1</u>[2] to the proposed Order attached hereto as <u>Exhibit A</u>. In support of this Motion, the Foreign Representative refers the Court to (a) the statements contained in the *Declaration of Andrew Langhorne in Support of (I) Verified Chapter 15 Petitions, (II) Foreign Representative's Motion for Orders Granting Provisional and Final Relief in Aid of Foreign CCAA Proceeding, and (III) Certain Related Relief* (the "<u>Langhorne Declaration</u>"), and (b) the *Foreign Representative's Memorandum of Law in Support of (I) Verified Chapter 15 Petitions and (II) Motion for Orders Granting Provisional and Final Relief in Aid of Foreign CCAA Proceeding* (the "<u>Memorandum of Law</u>"), which were both filed concurrently herewith and are incorporated herein by reference. In further support of the relief requested herein, the Foreign Representative respectfully represents as follows:

**Jurisdiction and Venue**

1.    The Court has jurisdiction to consider this Motion pursuant to sections 157 and 1334 of title 28 of the United States Code, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012. These cases have been properly commenced pursuant to section 1504 of the Bankruptcy Code by the filing of a petition for recognition of the CCAA Proceeding pursuant to section 1515 of the Bankruptcy Code. This is a core proceeding pursuant to section 157(b)(2)(P) of title 28 of the United States Code. Venue is proper in this District pursuant to section 1410 of title 28 of the United States Code. The statutory predicate for the relief requested herein is section 105(a) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 1007(a)(4).

---

[2] The Debtors reserve the ability to supplement this list prior to mailing the Recognition Hearing Notice.

### Background

2.     The Debtors, along with their non-U.S. debtor affiliates are a family of North American integrated marketing services companies that provide direct marketing solutions for not-for-profit organizations, political organizations and professional associations and are one of the largest participants in the telemarketing and fundraising industry across North America.

3.     On the date hereof (the "Petition Date"), the Foreign Representative commenced these chapter 15 cases by filing, among other things, verified chapter 15 petitions seeking recognition by the Court of the CCAA Proceeding as a foreign main proceeding under chapter 15 of the Bankruptcy Code.

4.     Detailed information about the Debtors' business and operations, the events leading to the Petition Date, and the facts and circumstances surrounding the CCAA Proceeding and these cases is set forth in the Langhorne Declaration.

### Relief Requested

5.     By this Motion, the Foreign Representative respectfully requests the entry of an order authorizing the Foreign Representative to file a consolidated list of foreign proceeding administrators, parties to litigation pending in the United States involving any of the Debtors, and all persons and entities against whom the Debtors seek provisional relief pursuant to section 1519 of the Bankruptcy Code.

### Basis for Relief

6.     In pertinent part, Bankruptcy Rule 1007(a)(4) provides that:

> a foreign representative . . . shall file with the petition . . . unless
> the court orders otherwise, a list . . . of all persons or bodies

> authorized to administer foreign proceedings of the debtor, all
> parties to litigation pending in the United States in which the
> debtor is a party at the time of the filing of the petition, and all
> entities against whom provisional relief is being sought under
> § 1519 of the [Bankruptcy] Code.

7.      The Debtors presently maintain various computerized lists that contain the

data required to comply with the requirements of Bankruptcy Rule 1007(a)(4). The

Foreign Representative believes that the information, as maintained in the Debtors'

computer files (or those of their agents), may be consolidated and utilized efficiently to

provide interested parties with the information required by Bankruptcy Rule 1007(a)(4).

Accordingly, by this Motion, the Foreign Representative seeks authority to file a

consolidated list identifying the names and addresses of authorized foreign administrators

of the Debtors, parties to litigation pending in the United States involving any of the

Debtors, and all entities against whom the Debtors seek provisional relief pursuant to

section 1519 of the Bankruptcy Code.

8.      The Foreign Representative submits that the filing of a consolidated

Bankruptcy Rule 1007(a)(4) list serves the interests of efficiency and will conserve the

resources of all parties in interest, including the Court.

9.      Further, section 105(a) of the Bankruptcy Code provides the Court with

the power to grant the relief requested herein by the Debtors.[3]

10.     Bankruptcy Courts in this district have granted relief similar to the relief

requested in this Motion. *See, e.g.*, *In re Arctic Glacier Int'l Inc.*, No. 12-10605 (KG)

(Bankr. D. Del. Feb. 23, 2012); *In re Catalyst Paper Corp.*, No. 12-10221 (PJW) (Bankr.

---

[3]     Section 105(a) states that a bankruptcy court "may issue any order, process, or
judgment that is necessary or appropriate to carry out the provisions of [the
Bankruptcy Code]."

D. Del. Jan. 19, 2012); *In re Angiotech Pharm., Inc.*, No. 11-10269 (KG) (Bankr. D. Del.
Jan. 31, 2011); *In re Grant Forest Prods. Inc.*, Case No. 10-11132 (PJW) (Bankr. D. Del.
Apr. 6, 2010); *In re Fraser Paper Inc.*, Case No. 09-12123 (KJC) (Bankr. D. Del. June
19, 2009); *In re Cinran International Inc.*, Case No. 12-11882(KJC) (Bankr. D. Del. June
26, 20129).

## Notice

11.    Notice of this Motion has been provided to: (a) all persons or bodies
authorized to administer foreign proceedings of the Debtors; (b) counsel to Shotgun Fund
LP III, the Debtors' proposed debtor in possession lender; (c) counsel to Canadian
Imperial Bank of Commerce, the Debtors' prepetition secured lender; and (d) the Office
of the United States Trustee for the District of Delaware. The Foreign Representative
requests that the Court grant this Motion without further notice to creditors. The Foreign
Representative proposes to notify all creditors and parties in interest of the filing of the
chapter 15 petitions and the Foreign Representative's request for entry of an order
recognizing the CCAA Proceeding as a foreign main proceeding in the form and manner
set forth in the *Foreign Representative's Motion for Order Scheduling Hearing and
Specifying the Form and Manner of Service of Notice* which was filed concurrently
herewith. In light of the nature of the relief requested herein, the Foreign Representative
submits that no other or further notice of this Motion is necessary or required.

## No Prior Request

12.    No prior request for the relief sought in this Motion has been made to this
or any other court.

## Conclusion

WHEREFORE, the Foreign Representative respectfully requests that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein and such other and further relief as may be just and proper.

Dated:  April 12, 2013
Wilmington, Delaware

*/s/ Domenic E. Pacitti*
Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
Margaret M. Manning (DE Bar No. 4183)
**KLEHR HARRISON HARVEY
BRANZBURG LLP**
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:    (302) 426-1189
Facsimile:    (302) 426-9193

*Counsel to the iMarketing Solution Group Inc., Foreign
Representative*