IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 15 |
| ) | |
| XENTEL INC., *et al.*,[1] ) | Case No. 13-10888 (KG) |
| ) | |
| Debtors in a Foreign Proceeding. ) | Joint Administration Pending |
| ) | |
| ) | **Related to Docket No. 7** |

## ORDER GRANTING PROVISIONAL RELIEF

Upon the motion (the "Motion")[2] of iMarketing Solutions Group Inc., in its capacity as the authorized foreign representative for the above captioned debtors (collectively, the "Debtors") in a proceeding commenced under Canada's *Companies' Creditors Arrangement Act,* R.S.C. 1985, c. C-36, as amended, and pending before the Ontario Superior Court of Justice, pursuant to sections 362, 364, 365, 1517, 1519, 1520, 1521, and 105(a) of title 11 of the United States Code, as amended from time to time (the "Bankruptcy Code") for entry of (a) a provisional order (this "Order"): (i) recognizing and enforcing in the United States, on an interim basis, the Initial Order (the "Initial CCAA Order") issued on April 12, 2013 by the Canadian Court, including, without limitation, the Canadian Court's decision (A) to authorize the Debtors to enter into and perform under that certain DIP Loan, and (B) to grant the DIP Charge to the DIP Lender under the DIP Loan, (ii) granting, on an interim basis, to and for the benefit of the DIP

---

[1] The Debtors in these chapter 15 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Xentel Inc. (6267); Wellesley Corporation Inc. (4092); GWE Consulting Group (USA) Inc. (2629); US Billing Inc. (7752); American Graphics & Design Inc. (7772); Courtesy Health Watch Inc. (1403); and Target Outreach Inc. (9046). The Debtors' main corporate address is 481 University Ave., Toronto, Canada M5G 2E9.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

Lender certain protections afforded by the Bankruptcy Code, including those protections provided by sections 364(c), 364(d), and 364(e) of the Bankruptcy Code, as applicable, (iii) granting an interim stay of execution against the Debtors' assets and applying sections 362 and 365(e) of the Bankruptcy Code in these chapter 15 cases on an interim basis pursuant to sections 1519(a)(3), 1521(a)(7), and 105(a), of the Bankruptcy Code, and (iv) granting such other and further relief as this Court deems just and proper; and (b) entry of a final order after notice and a hearing (the "Final Order") (i) granting the petitions in these cases and recognizing the CCAA Proceeding as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code, (ii) giving full force and effect in the United States to the Initial CCAA Order, including any extensions or amendments thereof authorized by the Canadian Court and extending the protections of this Order to the Debtors on a final basis, (iii) granting the DIP Lender certain protections afforded by the Bankruptcy Code, and (iv) granting such other and further relief as this Court deems just and proper; and it appearing that this Court has jurisdiction to consider the Motion pursuant to sections 157 and 1334 of title 28 of the United States Code, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having reviewed the Motion, the Petitions for Recognition, the Langhorne Declaration, and the Memorandum of Law, and having considered the statements of counsel with respect to the Motion at a hearing before this Court (the "Hearing"); and due and sufficient notice of the provisional relief sought in the Motion having been given; and it appearing that no other or further notice need be provided; and it appearing that the provisional relief requested by the

Motion is in the best interest of the Debtors, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

## THIS COURT HEREBY FINDS AND DETERMINES THAT:

A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, as well as the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. § 1410.

C. The Foreign Representative has demonstrated a substantial likelihood of success on the merits that (a) the Debtors are subject to a pending "foreign main proceeding" as that term is defined in section 1502(4) of the Bankruptcy Code, (b) the Foreign Representative is a "foreign representative" as that term is defined in section 101(24) of the Bankruptcy Code, and (c) all statutory elements for recognition of the CCAA Proceeding are satisfied in accordance with section 1517 of the Bankruptcy Code.

D. The Foreign Representative has demonstrated that (a) the commencement of any proceeding or action against the Debtors and their respective businesses and all of their assets should be enjoined pursuant to sections 1519, 1521, and 105(a) of the Bankruptcy Code, which protections, in each case, shall be coextensive with the

PHIL1 2728957v.7

provisions of section 362 of the Bankruptcy Code, to permit the fair and efficient administration of the CCAA Proceeding and an orderly sale process for substantially all of the property and assets used in connection with the business carried on by the Debtors in North America pursuant to the Initial CCAA Order and any other applicable orders of the Canadian Court, for the benefit of all stakeholders; and (b) the relief requested will neither cause an undue hardship nor create any hardship to parties in interest that is not outweighed by the benefits of the relief granted herein.

E.  The Foreign Representative has demonstrated that unless this Order is entered, there is a material risk that one or more parties in interest will take action against the Debtors or their assets, thereby interfering with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code and interfering with and causing harm to the efforts to maximize the value of the Debtors' assets, including through the sale process, pursuant to the terms of the Initial CCAA Order. As a result, the Debtors will suffer immediate and irreparable harm for which they will have no adequate remedy at law and therefore it is necessary that this Court grant the relief requested without prior notice to parties in interest or their counsel.

F.  The Foreign Representative has demonstrated that the incurrence of indebtedness under the DIP Loan, as authorized by the Initial CCAA Order, is necessary to prevent irreparable harm to the Debtors because without such financing, the Debtors will be unable to continue operations, which will significantly impair the value of their assets.

G.  The Foreign Representative has demonstrated that the terms of the DIP Loan are fair and reasonable and were entered into in good faith by the Debtors and the

PHIL1 2728957v.7

DIP Lender, as defined in the Initial CCAA Order, and the DIP Lender would not have extended financing without conditions precedent requiring a final recognition order by this Court and the interim protection pursuant to sections 364(c), 364(d), and 364(e) of the Bankruptcy Code, as made applicable by sections 1519(a)(3), 1521(a)(7), and 105(a) of the Bankruptcy Code, while consideration of final recognition was pending.

H.   Absent the relief granted herein, the Debtors may suffer immediate and irreparable injury, loss, or damage for which there is no adequate remedy at law. Further, unless this Order is entered, the assets of the Debtors located in the United States could be subject to efforts by creditors to control, possess, or execute upon such assets and such efforts could result in the Debtors suffering immediate and irreparable injury, loss, or damage by, among other things, (a) interfering with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code, and (b) interfering with or undermining the success of the CCAA Proceeding and the Debtors' efforts to pursue a going-concern sale of their core business for the benefit of all their stakeholders.

I.   The Foreign Representative has demonstrated that without the protection of section 365(e) of the Bankruptcy Code, there is a material risk that counterparties to certain of the Debtors' contracts and leases may take the position that the commencement of the CCAA Proceeding authorizes them to terminate such contracts or accelerate obligations thereunder. Such termination or acceleration, if permitted and valid, would severely disrupt the Debtors' operations and efforts to consummate a sale, resulting in irreparable damage to the value of the Debtors' business, and causing substantial harm to the Debtors' creditors and other parties in interest.

J. The Foreign Representative has demonstrated that no injury will result to any party that is greater than the harm to the Debtors' business, assets, and property in the absence of the requested relief.

K. The interests of the public and the public policy of the United States will be served by entry of this Order.

L. The Foreign Representative and the Debtors are entitled to the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted to the extent set forth herein.

2. The Initial CCAA Order is hereby enforced on an interim basis, including, without limitation, (a) authorizing the Debtors to obtain credit under the DIP Loan and granting the DIP Lender the DIP Lender's Charge, and (b) staying the commencement or continuation of any actions against the Debtors or their assets, and shall be given full force and effect in the United States until otherwise ordered by this Court.

3. While this Order is in effect, the Foreign Representative and the Debtors shall be entitled to the full protections and rights pursuant to section 1519(a)(1), which protections shall be coextensive with the provisions of section 362 of the Bankruptcy Code, and this Order shall operate as a stay of any execution against the Debtors' assets within the territorial jurisdiction of the United States; *provided* that upon the occurrence of an event of default under the DIP Credit Documentation (as defined below) or the DIP Lender's Charge, this paragraph shall be deemed to be automatically modified to the

extent necessary to allow the DIP Lender to exercise its rights pursuant to the Initial CCAA Order. Specifically, all persons and entities are hereby enjoined from continuing any action or commencing any additional action involving the Debtors, their assets or the proceeds thereof, (b) enforcing any judicial, quasi-judicial, or administrative judgment, assessment or order, or arbitration award against the Debtors or their assets, (c) commencing or continuing any action to create, perfect, or enforce any lien, setoff, or other claim against the Debtors or any of their property, or (d) managing or exercising control over the Debtors' assets located within the territorial jurisdiction of the United States, except as expressly authorized by the Debtors in writing.

4.      While this Order is in effect, pursuant to sections 1519(a)(3) and 1521(a)(7) of the Bankruptcy Code, (a) section 362 of the Bankruptcy Code is hereby made applicable in these cases to the Debtors and the property of the Debtors within the territorial jurisdiction of the United States and (b) section 365(e) of the Bankruptcy Code is hereby made applicable to the Debtors in these cases.

5.      Notwithstanding anything to the contrary contained herein, this Order shall not be construed as (a) enjoining the police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent not stayed pursuant to section 362 of the Bankruptcy Code or (b) staying the exercise of any rights that section 362(o) of the Bankruptcy Code does not allow to be stayed.

6.      As authorized under the Initial CCAA Order, the DIP Lender is hereby granted, on a provisional basis, the DIP Lender Charge, as defined in the Initial CCAA Order, including, among other things, the grant of a first lien on the Debtors' United States assets pursuant to § 364(c)(2) of the Bankruptcy Code (and to the extent necessary

pursuant to Section 364(d) of the Bankruptcy Code after appropriate hearing) in the amount outstanding from time to time under the DIP Loan up to a maximum of USD $1.4 million, subject to the priorities, terms, and conditions of the Initial CCAA Order, to secure current and future amounts outstanding under the DIP Loan. The obligations under the DIP Loan shall be on a joint and several basis for all Debtors. As set forth in the Initial CCAA Order, all Debtors shall provide Foreign Representative a lien that is a super-priority, first-ranking charge on account of any funds extended by Foreign Representative to any Debtor after the commencement of the Canadian Proceeding (the "Intercompany Liens"). The obligations arising under the DIP Loan shall be further secured by the Intercompany Liens. The DIP Lender Charge shall apply to the Intercompany Liens.

7. The obligations of the Debtors under the DIP Loan shall be an allowed administrative expense claim with priority under section 364(c)(1) of the Bankruptcy Code, subject and subordinate only to the Carve-Out, and otherwise over all administrative expense claims and unsecured claims against the Debtors, now existing or hereafter arising.

8. To the extent provided in the Initial CCAA Order, the Debtors are hereby authorized and empowered to execute and deliver such credit agreements, mortgages, charges, hypothecs and security documents, guarantees, and other definitive documents as are contemplated by the DIP Loan (collectively, the "DIP Credit Documentation") or as may be reasonably required by the DIP Lender pursuant to the terms thereof, and the Debtors are hereby authorized and directed to pay and perform all of their indebtedness, interest, fees, liabilities, and obligations to the DIP Lender under and pursuant to the DIP

Loan (and in accordance with the budget delivered in connection therewith) including, but not limited to, the fees and expenses of the DIP Lender's Canadian and United States counsel, and other advisors, as and when the same become due and are to be performed, notwithstanding any other provision of this Order and without any further order of this Court.

9.    This Order shall be sufficient and conclusive notice and evidence of the grant, validity, perfection, and priority of the liens granted to the DIP Lender in the Initial CCAA Order without the necessity of filing or recording this Order or any financing statement, mortgage, or other instrument or document which may otherwise be required under the law of any jurisdiction; *provided* that the Debtors are authorized to execute and the administrative agent under the DIP Loan may file or record financing statements, mortgages, or other instruments to further evidence the liens authorized, granted, and perfected hereby and by the Initial CCAA Order.

10.    The DIP Credit Documentation has been negotiated in good faith and at arm's-length between the Debtors and the DIP Lender. Any financial accommodations made to the Debtors by the DIP Lender pursuant to the Initial CCAA Order and the DIP Documents shall be deemed to have been made by the DIP Lender in good faith, as that term is used in section 364(e) of the Bankruptcy Code. Accordingly, pursuant to sections 364(e), 1519(a)(3), 1521(a)(7), and 105(a) of the Bankruptcy Code, section 364(e) of the Bankruptcy Code hereby applies for the benefit of the DIP Lender, and the validity of the indebtedness, and the priority of the liens authorized by the Initial CCAA Order made enforceable in the United States by this Order, shall not be affected by any reversal or

modification of this Order, on appeal or the entry of an order denying recognition of the CCAA Proceeding pursuant to section 1517 of the Bankruptcy Code.

11. No action, inaction or acquiescence by the DIP Lender including funding of the Debtors' ongoing operations under this Order, shall be deemed to be or shall be considered as evidence of any alleged consent by the DIP Lender to a charge against the collateral pursuant to sections 506(c), 552(b) or 105(a) of the Bankruptcy Code. The DIP Lender shall not be subject in any way whatsoever to the equitable doctrine of "marshalling" or any similar doctrine with respect to the collateral.

12. Any party in interest may make a motion seeking relief from, or modification of, this Order, by filing a motion, unless otherwise ordered by the Court, on not less than seven business days' written notice to Klehr Harrison Harvey Branzburg LLP. 919 N. Market Street, Suite 1000, Wilmington, Delaware 19801 Attn: Domenic E. Pacitti, Esq., and this Court will hear such motion on a date to be scheduled by this Court.

13. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon entry; (b) the Foreign Representative shall not be subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Foreign Representative is authorized and empowered, and may in its discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order. Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, made applicable to these proceedings pursuant to Bankruptcy Rule 7065, no notice to any person is required prior to entry and issuance of this Order. Pursuant to Bankruptcy Rule 7065, the provisions of Federal Rule of Civil Procedure 65(c) are hereby waived, to the extent applicable.

14. This Court shall retain jurisdiction with respect to any and all matters relating to the interpretation or implementation of this Order.

Date: **April 12**, 2013
Wilmington, Delaware

_____
The Honorable Kevin Gross
Chief United States Bankruptcy Judge

PHIL1 2728957v.7